**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1024
_____

UNITED STATES OF AMERICA

v.

JEFFREY COLIN ROGERS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1:18-cr-00019-001)
District Judge: Honorable Stephanie L. Haines
_____

Argued: July 8, 2025

Before: KRAUSE, MATEY and PHIPPS, *Circuit Judges*

(Opinion filed: September 29, 2025)

Ray Kim **[ARGUED]**
Office of Federal Public Defender
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222
        *Counsel for Appellant*

Troy Rivetti, Acting United States Attorney
Laura S. Irwin
Jonathan R. Bruno **[ARGUED]**
Office of United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
        *Counsel for Appellee*

MATEY, *Circuit Judge*.

Jeffrey Rogers repeatedly sexually assaulted children. He first lured a fourteen-year-old girl into his home and sexually brutalized her. Unsatisfied, he enticed her to return with her sixteen-year-old friend so he could attack both girls over the course of an evening. He paired his assault with "a permanent record of the children's participation" in his depraved acts, photographing both children engaged in indescribable sexual acts. *New York v. Ferber*, 458 U.S. 747, 759 (1982). After his conviction, the District Court applied a five-level enhancement under the Sentencing Guidelines for a pattern of prohibited sexual conduct, reasoning that each photo represented a distinct occasion. But the District Court did not consider whether the first sexual assault Rogers committed was enough to impose the enhancement, so we will remand for additional inquiry.

## I.

Rogers was indicted for his acts on the second of the two occasions he lured minor girls to his home. On the night of November 25, 2017, he lured the fourteen-year-old and sixteen-year-old girls to his apartment where he served them marijuana and alcohol. Once

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

they were intoxicated, he persuaded the children to undress. And over the next three hours, Roger sexually exploited the girls, documenting his acts with photos.

Rogers was indicted for producing and possessing child pornography.[1] 18 U.S.C. §§ 2251, 2252. At trial, his victims testified they had visited Rogers's apartment on a prior occasion hoping to earn money and that Rogers had also plied them with marijuana during that visit. The jury also heard a report that, on this first visit, Rogers sexually assaulted the fourteen-year-old girl.[2] The jury convicted Rogers of five production counts and one possession count.

Before sentencing, Rogers objected to a five-point enhancement under Guideline 4B1.5 for a pattern of prohibited sexual conduct based on the prior visit to Rogers's apartment. Following the argument of the United States, the District Court applied the enhancement, reasoning that since the photos were taken throughout the evening of the second visit, each picture was a separate occurrence establishing a pattern. The District Court did not address whether the multiple visits to Rogers's home could suffice.

---

[1] A misnomer, as the images are "intrinsically related to the sexual abuse of children." *Ferber*, 458 U.S. at 759. Indeed, "[c]hild pornography tears at the very fabric of natural human order in ways that cannot be accounted for in a narrow calculus of immediate harms in production or use." Adrian Vermeule, Common Good Constitutionalism 171 (2022). The "full extent" of "suffering is hard to grasp," as pornographers like Rogers steal their victim's "childhood, her self-conception of her innocence, and her freedom from the kind of nightmares and memories that most others will never know." *Paroline v. United States*, 572 U.S. 434, 441 (2014).

[2] The District Court excluded the girl's direct testimony, finding the United States failed to provide proper notice as required by Federal Rule of Evidence 412. But the District Court allowed the account of this first visit the victim provided to a nurse where she explained Rogers "caressed her cheek, took her pants and shirt off, touched her breasts, kissed her, . . . rubbed the outside of her underwear," while attempting to force her to perform sexual acts." App. 749.

Applying the enhancement, the District Court calculated Rogers's total offense level as thirty-nine with a criminal history category of III, netting a Guidelines range of 324 to 405 months,[3] but varied downward to a sentence of 300 months' imprisonment. We will vacate and remand for resentencing.[4]

## II.

The District Court's decision does not follow the best meaning of Guideline 4B1.5(b), which applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." § 4B1.5(b). The commentary states that "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."[5] § 4B1.5 cmt. n.4(B)(i).

---

[3] The District Court later referred to the applicable Guidelines range as 324 to 360 months' imprisonment, as bounded by the statutory maximum. In cases of a single count of conviction, the Guidelines range is effectively reduced to the statutory maximum penalty. U.S.S.G. § 5G1.1. But where, as here, there are multiple counts of conviction, "then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). So the applicable Guidelines range remained 324 to 405 months' imprisonment.

[4] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review legal conclusions de novo and factual findings for clear error. *United States v. McCants*, 952 F.3d 416, 421 (3d Cir. 2020).

[5] We may defer to commentary only if, among other conditions, the Guideline is "genuinely ambiguous." *United States v. Nasir*, 17 F.4th 459, 471 (3d Cir. 2021) (en banc). But where, as here, both parties' arguments assume the appropriateness of the commentary, we may rely on it to reach their arguments. *United States v. Perez-Colon*, 62 F.4th 805, 814 n.10 (3d Cir. 2023). We express no opinion on whether "pattern of

4

An occasion is a "happening," "incident,"[6] or "event,"[7] collecting a confluence of circumstances in a block of time or series of related actions.[8] And two things are separate when they are "set apart," "disunited," "dissimilar," and "independent."[9] So a separate occasion arises from an intervening event where the circumstances and occurrences are distinct and different.[10] In other contexts, the Supreme Court has interpreted occasion similarly, pointing out that time is not dispositive. *See Wooden v. United States*, 595 U.S. 360, 366–67 (2022).[11] Occasions commonly include "temporally distinct activities," for example the occasion of a wedding might include "a ceremony, cocktail hour, dinner, and

activity" is ambiguous, and if so whether the commentary's definition is reasonable. Nor do we decide whether *Nasir* applies to commentary text supplied by Congress. *See* PROTECT Act of 2003, Pub. L. No. 108-21 § 401(i)(A), 117 Stat. 650, 672.

[6] *Occasion*, Merriam Webster's Collegiate Dictionary 857–58 (11th ed. 2003).

[7] *Occasion*, The American Heritage Dictionary 586 (4th ed. 2000).

[8] "A falling together or juncture of circumstances favourable or suitable to an end or purpose, or admitting of something being done or effected; an opportunity." *Occasion*, Oxford English Dictionary 675 (2d ed. 1989).

[9] *Separate*, The American Heritage Dictionary 756 (4th ed. 2000); *see also Separate*, Merriam Webster's Collegiate Dictionary 1134 (11th ed. 2003).

[10] *See, e.g.*, *United States v. Sadeek*, 77 F.4th 320, 327 (5th Cir. 2023) (per curiam) (looking to intervening events like when the defendant left his victim to get food or to sleep).

[11] The United States insists that we should review for plain error because Rogers failed to cite *Wooden* at sentencing. But we do not consider arguments forfeited based solely on the authorities cited. *United States v. Abreu*, 32 F.4th 271, 275 (3d Cir. 2022) ("[P]reservation requires advancement of the same legal principle, not citation to the same legal precedent."). While there are times that an argument on appeal is so different in character from what was raised before a district court that we will treat it as unpreserved, this is not one of them. *See United States v. Lingala*, 91 F.4th 685, 697 (3d Cir. 2024). Rogers's sentencing argument called for an interpretation of separate occasions, which is identical to the inquiry we undertake now, with or without the persuasive value of *Wooden*. *United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013) ("Parties are free, for example, to place greater emphasis and more fully explain an argument on appeal than they did in the District Court. They may even, within the bounds of reason, reframe their argument.").

dancing." *Id.* at 367. Substantial time lapses, such as "a day or more," *id.* at 370, may be enough to infer a break in occasions, but otherwise there must be evidence of specific intervening events,[12] *id.* at 369–70.

We need not plumb the depths of what constitutes a separate occasion to see error in the District Court's reasoning. Two of the photos the District Court identified as separate occasions had duplicate time stamps and depicted identical events. There is no basis in the record to infer an intervening event occurred that would divide these photographs into separate occasions. Moreover, the District Court unnecessarily narrowed the scope of "prohibited sexual conduct" to only the photos for which Rogers was convicted. But the record shows that between the five photos the District Court considered, Rogers continued to assault the girls and produce more explicit images. All showing that the prohibited sexual conduct continued without an intervening event. So based on the evidence the United States adduced, it was error to conclude these breaks between photographs during Rogers's ongoing sexual abuse gave rise to separate occasions. Accordingly, we will vacate the District Court's sentence because it includes an enhancement under Guideline 4B1.5(b) based solely on the events of November 25, 2017.

On remand, the District Court is not limited to the record before us. While the United States "ordinarily is only afforded one opportunity to carry its burden" for

---

[12] The Court also indicated that significant changes in location or the character and relationship of the offenses may indicate a separation of occasions, but here the District Court relied solely on timing. *See Wooden*, 595 U.S. at 369.

sentencing, *United States v. Rowe*, 919 F.3d 752, 762–63 (3d Cir. 2019), that rule gives way if there is "a persuasive reason why fairness so requires," *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir. 1995). Far from affording a "second bite at the apple," *id.* (citation omitted), the United States argued prior to sentencing that Rogers's first attack on the minor on an earlier visit, combined with the second, constituted a pattern warranting the enhancement. Indeed, while considering the sentencing factors, the District Court found the victims "were at his residence on at least one prior occasion when Mr. Rogers sexually assaulted them." App. 1634–35. While that finding seems to easily support the enhancement, the District Court did not discuss the victims' prior visit when considering Guideline 4B1.5. As we may only affirm "on any ground the record supports," *United States v. Stanford*, 75 F.4th 309, 316 (3d Cir. 2023), we cannot resolve this appeal on a single comment made in an unrelated part of the proceedings.[13] So we will remand for the District Court to determine whether the victims' prior visit to Rogers's apartment constituted a separate occasion of prohibited sexual conduct.

\* \* \*

There is a disconnect between the Guidelines' twentieth-century perspective on sentencing repeat sex offenders and the appalling reality of twenty-first-century sexual crimes against children. "The sexual abuse of a child is a most serious crime and an act

---

[13] The parties note that Rogers's conduct may not qualify as prohibited sexual conduct as that term is defined in the commentary. U.S.S.G. § 4B1.5 cmt. n.4(A). But we have never held that the commentary should be relied on to define that term. *Perez-Colon*, 62 F.4th at 814 n.10. That is an argument the parties may develop further on remand.

repugnant to the moral instincts of a decent people." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (U.S. 2002). Indeed, "carnally . . . abusing any . . . child" has long been recognized as an "abominable wickedness." 4 William Blackstone, Commentaries *212. Such evil acts have only been made easier as "the volume and accessibility of child pornography images ha[ve] increased dramatically due to the rising use of computers, digital cameras, and internet-based technology." U.S. Sent'g Comm'n, Federal Sentencing of Child Pornography: Non-Production Offenses 1 (2021). The Guidelines may not have kept pace with these changes in technology and the horrors they can impose on children. Nothing, and certainly nothing in this opinion, should keep Congress and the Sentencing Commission from promptly turning to that task.

In the meantime, we will vacate the sentence imposed by the District Court and remand for further proceedings consistent with this opinion.

PHIPPS, *Circuit Judge*, concurring.

This case turns on the meaning of the term 'occasion' as used in the Commentary to Guideline § 4B1.5(b). I write separately to point out that for crimes with human victims such as the teenagers in this case, as opposed to property crimes, *see Wooden v. United States*, 595 U.S. 360, 362 (2022), the term 'occasion' may have a different meaning from the perspective of the criminal defendant than from the perspective of the victim. Here, the defendant, then-54-year-old Jeffrey Rogers, may have perceived photographing two minor girls at his house over two hours in three different sexual postures as a single "episode." *Wooden*, 595 U.S. at 366. But to the two victims – being photographed in three different sexual situations, each of increasing depravity, with breaks of 105 minutes and 21 minutes – those criminal acts may be sufficiently dissimilar and temporally distinct to constitute separate occasions.

Even with that potential ambiguity in the context of human victims, the text of Guideline § 4B1.5(b) and its corresponding Commentary lead me to conclude that the relevant perspective under the law is that of the criminal defendant. The Guideline references only the defendant's actions, "engag[ing] in a pattern of activity involving prohibited sexual conduct." U.S. Sent'g Guidelines Manual § 4B1.5(b) (U.S. Sent'g Comm'n 2023). Also, the emphasis of the corresponding Commentary is on the defendant: it states that a pattern occurs if a "defendant engaged in prohibited sexual conduct with a minor . . . on at least two separate occasions." *Id.* § 4B1.5 cmt. n.4(B)(i). With both of those sources having a primary textual focus on the actions of the criminal defendant, I believe that, for purposes of interpreting Guideline § 4B1.5(b), the proper reading of the term 'occasion' is from the perspective of the criminal defendant. And from the perspective of an offender like Rogers, the multiple sex crimes occurred as part

1

of a single episode, and so they occurred on a single occasion.  Thus, I join my colleagues in voting to vacate the sentence and remand for resentencing.